**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| ROCKY TUTOP § | | |
|     Plaintiff, § | **3:18-CV-_____** | |
| v. § | | |
| § | | |
| ADALBERTO EDUARDO RUIZ, § | | |
| AARON MATTHEW COWART, and § | | |
| ABOGADO RUIZ LAW FIRM, PLLC § | | |
|     Defendants. § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### SUMMARY

1. Plaintiff, Rocky Tutop ("Tutop"), brings this lawsuit against Abagado Ruiz Law Firm, PLLC, Adalberto Eduardo Ruiz ("Ruiz"), and Aaron Matthew Cowart ("Cowart"), collectively referred to herein as "Defendants," to recover damages for legal malpractice based on Defendants' negligence in failing timely file Tutop's original petition for medical malpractice and/or failing to toll the statute of limitations by compliance with Tex. Civ. Prac. Rem. Code §§ 74.051 and 74.052.

2. Tutop was an inpatient at Methodist Willowbrook Hospital and Houston Methodist Hospital from March 6, 2014 through March 25, 2014.

3. During his inpatient treatment, Tutop became permanently blind before being diagnosed and treated for a blood clotting disorder that is known to cause permanent damage to the organs, including the eyes, if not timely treated.

4. Defendants filed an original petition on Tutop's behalf outside the applicable statute of limitations.

5. Defendants failed to toll the statute of limitations by not complying with Tex. Civ. Prac. Rem. Code §§ 74.051 and 74.052.

6. As a result, the district court granted summary judgment against Tutop because: Defendants' failure to comply with Tex. Civ. Prac. Rem. Code §§ 74.051 and 74.052 before filing Tutop's original petition caused their filing of Tutop's original petition to be outside the applicable statute of limitations; Defendants' non-compliance with Tex. Civ. Prac. Rem. Code §§ 74.051 and 74.052 before filing Tutop's original petition denied Tutop the otherwise applicable tolling of the applicable limitations period; and Defendants' failure to comply with Tex. Civ. Prac. Rem. Code §§ 74.051 and 74.052 made abatement of the proceedings to remedy the non-compliance unavailable because the statute of limitations had run before Defendants filed Tutop's original petition.

7. This action seeks to recover damages owed to Plaintiff for Defendants' negligence in failing to file Plaintiff's original petition within the statute of limitations or tolling the statute of limitations by compliance with Tex. Civ. Prac. & Rem. Code §§ 74.051 and 74.052 which resulted in the dismissal of Plaintiff's case on summary judgment.

## JURISDICTION AND VENUE

8. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), because this is a civil action between citizen of California and citizens of Texas and the amount in controversy, excluding interests and costs, exceeds $75,000.

9. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this District.

10. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2), because Defendants reside in this District.

## THE PARTIES

11. Plaintiff, Rocky Tutop ("Tutop"), resides in Coachella, California and is a citizen of California. Tutop retained Defendants to prosecute his medical malpractice claim.

12. Defendant Abogado Ruiz Law Firm, PLLC is a limited liability company formed under the laws of Texas and does business in Brazoria County, Pearland, Texas. The sole member of Abogado Ruiz Law Firm, PLLC is Adalberto E. Ruiz, Esq. Adalberto E. Ruiz, Esq. is also the registered agent for service of process for Abogado Ruiz Law Firm, PLLC and may be served in San Antonio, Texas or wherever he may be found.

13. Defendant Adalberto Eduardo Ruiz ("Ruiz") is a citizen of Texas and resides in Texas.

14. Ruiz is an attorney licensed in the State of Texas and may be served at his place of business at Abogado Ruiz Law Firm, PLLC, 3718 E. Broadway St., Pearland, Texas 77581 or wherever he may be found.

15. Defendant Aaron Matthew Cowart ("Cowart") is a citizen of Texas and resides in Houston, Texas.

16. Cowart is an attorney licensed to practice in the State of Texas.

17. Cowart may be served at his residence in Houston, Texas or wherever he may be found.

## FACTS

18. Tutop received outpatient treatment for symptoms including rash, fever, and night sweats at Kingwood Medical Center on January 17, 2014, January 25, 2014, and February 25, of 2014.

19. Because his symptoms had not improved, Tutop began inpatient treatment at Methodist Willowbrook Hospital on March 6, 2014.

20. Tutop received inpatient treatment at Methodist Willowbrook Hospital from March 6, 2014 through March 21, 2014.

21. Tutop was transferred for inpatient treatment to Houston Methodist Hospital on March 21, 2014.

22. All tests Willowbrook Hospital conducted for infectious disease were "negative."

23. However, test results at Methodist Willowbrook Hospital did indicate inflammation.

24. Test results at Methodist Willowbrook also indicated blood coagulation.

25. The blood coagulation indicated by the test results was never addressed at Methodist Willowbrook Hospital.

26. Although test result indicated inflammation, a hematologist never examined Tutop while he was an inpatient at Methodist Willowbrook Hospital.

27. On March 15, 2014, Tutop told Methodist Willowbrook staff that he had a headache and blurry vision. The headache was treated with medication. But Methodist Willowbrook Hospital did not conduct an eye examination. Nor did Methodist Willowbrook Hospital request a consult from the ophthalmology department.

28. Medical records dated March 17, 2014 reflect that Methodist Willowbrook Hospital continued to suspect an infectious disease was the cause of Tutop's symptoms although all tests for infectious diseases were negative.

29. On March 20, Tutop had a seizure at Methodist Willowbrook Hospital.

30. Tutop's wife and mother requested that Methodist Willowbrook Hospital transfer Tutop to a hospital that could provide a higher level of care on March 20, 2014 after Tutop's seizure, but his condition was too unstable to transfer him safely.

31. Tutop was transferred to Houston Methodist Hospital on March 21, 2014.

32. On March 24, 2014, an ophthalmologist at Houston Methodist Hospital determined that Mr. Tutop's retinas were detached at both eyes but believed that he might recover his sight if the cause of the systemic inflammation could be found and addressed.

33. On March 26, 2014, Tutop was diagnosed with atypical hemolytic uremic syndrome ("aHUS"): a blood clotting disorder that can cause permanent damage to the organs, including the eyes, if not timely treated.

34. On April 7, 2014, a neuro-ophthalmologist determined that Tutop's blindness would be permanent.

35. On February 1, 2016, Tutop and Ruiz signed an attorney-client contract retaining Defendants to file a lawsuit on his behalf for medical malpractice.

36. But for Methodist Willowbrook Hospital's failure to timely diagnose and treat Tutop's aHUS, he would not have lost his sight.

37. Ruiz earned a Doctor of Jurisprudence in May 2012 and was admitted to practice law in the State of Texas, two years later, on May 1, 2014.[1]

38. By an email to Tutop on February 29, 2016, Ruiz confirmed that Cowart was an attorney and working with Ruiz as an associate on Tutop's case.

39. Cowart earned a Doctor of Jurisprudence in May 2012 and was admitted to practice law in the State of Texas on November 2, 2012.[2]

40. Under the attorney-client agreement, Tutop agreed to pay Defendants on a contingency-fee basis. Specifically, the terms of the attorney-client agreement stated: "The parties expressly understand that in the event no recovery is obtained on the claim which is the subject of this retainer agreement, the attorneys will make no charges for their time, services, fees, costs, except for any advances made to the client for expenses unrelated to the case, if any."

41. Shortly after the representation began, Ruiz demanded that Tutop begin making payments to his law firm in direct violation of the contingency fee agreement between the parties.

42. Over the course of the litigation, Tutop had to pay Ruiz's law firm at least $3,000 through a series of credit card payments.

43. These amounts were in addition to the amounts Ruiz contracted to earn under the written contingency fee agreement.

---

[1] https://www.texasbar.com/AM/Template.cfm?Section=Find_A_Lawyer&template=/Customsource/MemberDirectory/MemberDirectoryDetail.cfm&ContactID=312728 (last visited on March 12, 2018)

[2] https://www.texasbar.com/AM/Template.cfm?Section=Find_A_Lawyer&template=/Customsource/MemberDirectory/MemberDirectoryDetail.cfm&ContactID=330307 (last visited on March 12, 2018)

44. The contract was never amended to reflect this requirement that Tutop make payments to Ruiz's law firm in arbitrary amounts at random times.

45. Under Texas law, there are two conditions precedent to a health care liability claim:

    (1) a notice letter with a valid medical authorization under Tex. Civ. Prac. Rem. Code §§ 74.051 and 74.052; and

    (2) submission, within 120 days of each defendant's original answer, of an expert report authored by a medical provider, who specializes the area in which the opinion is rendered. The report must detail the breaches of the standard of care and the causal relationship between those breaches to the harm suffered by the patient. *See* Tex. Civ. Prac. Rem. Code § 74.351.

46. As of the date the district court granted summary judgment against Tutop on September 26, 2016, 123 days after filing of the lawsuit, the Defendants had not filed an expert report.

47. Defendants retained Dr. Lourdes Bozquez as the sole expert for the case.

48. According to information available on the Texas Medical Board's website, Dr. Bosquez' primary practice area was Child and Adolescent Psychiatry. Dr. Bosquez' internship, residency, and fellowship were in Psychiatry.

49. According to the Texas Medical Board website and Methodist website, Dr. Bosquez treated patients at the hospital Defendants had filed suit against: Methodist Willowbrook Hospital.

50. The expert report required under Tex. Civ. Prac. Rem. Code § 74.351 must be based solely on medical records.

51. But Ruiz advised Tutop that he must be medically examined by Dr. Bosquez for her to write the expert report.

52. In reliance on Ruiz' advice, Tutop incurred expenses to travel from California to Houston for Dr. Bozquez' examination.

53. Defendants entered a retention agreement with Dr. Bosquez that provided for payment of Dr. Bosquez' expert services through an assignment of an hourly fee of $1,200 to Dr. Bosquez from any recovery resulting from Tutop's lawsuit.

54. This agreement with Dr. Bosquez effectively made payment for her expert-witness opinions contingent on the outcome of the case.

55. This agreement violated Texas Rule of Professional Conduct 3.04(b) which prohibits a lawyer from entering a contingency-fee agreement with a witness for their testimony.

56. Defendants entered a contingency-fee agreement with Tutop that provided that Tutop would not owe any fees or costs if there was no recovery in his case.

57. Nevertheless, the contingency-fee between Defendants and Dr. Bosquez provided that if "**there is no recovery from the case, [Ruiz] will not be held personally liable to pay for the services rendered by [Dr. Bosquez] but they will be they [sic] sole responsibility of Mr. Rocky Tutop.**" (emphasis in original)

58. Making Tutop responsible for Dr. Bosquez' fees was contrary to the attorney-client agreement and therefore violated Texas Rule of Professional Conduct 1.04(d).

59. Ruiz signed this contingency-fee agreement for Dr. Bozquez' expert services on June 29, 2016.

60. Tutop did not sign this contingency-fee agreement for Dr. Bozquez' expert services.

61. Under Texas law, the statute of limitations for a health care claim is tolled for 75 days if the plaintiff, at least 60 days before filing suit, sends a pre-suit notice of claim and statutory

authorization to release medical records to each physician or health care provider against whom he has a claim. Tex. Civ. Prac. & Rem. Code §§ 74.051(a) and (c), and § 74.052.

62. Absent substantial compliance with Tex. Civ. Prac. & Rem. Code §§ 74.051(a) and 74.052, the statute of limitations is not tolled and abatement of the suit to remedy non-compliance is unavailable if the suit is filed outside the statute of limitations.

63. On March 3, 2016, Defendants sent notice of a health care claim to Kingwood Medical Center, Methodist Willowbrook Hospital, and Houston Methodist Hospital stating that they had been retained by Tutop "to investigate and assert potential claims Mr. Tutop may have against you under the Texas Medical Liability Act" for Mr. Tutop's permanent blindness arising from his hospitalization in 2014.

64. The notice of health care claim Defendants sent to Kingwood Medical Center, Methodist Willowbrook Hospital, and Houston Methodist Hospital further stated that it included "the authorization required by Texas Civil Practice and Remedies Code § 74.052 so that you may independently evaluate Tutop's claim."

65. The medical authorization enclosed with the notice of health care claim failed to list Methodist Willowbrook Hospital as one of the facilities where Tutop had received treatment.

66. On May 26, 2016, Defendants filed Plaintiff's Original Petition in *Rocky Tutop v. the Methodist Hospital d.b.a. Houston Methodist Willow Brook Hospital, et al.*, Cause Number 2016-34773, 190th Judicial District Court, Harris County, Texas.

67. Defendants filed Plaintiff's Original Petition outside the applicable statute of limitations.

68. Plaintiff's Original Petition named the Methodist Hospital d/b/a Houston Methodist Willowbrook Hospital and several physicians as defendants.

69. Plaintiff's Original Petition alleged that the named defendants breached the standard of care they owed Tutop and that their negligence caused Tutop's permanent blindness.

70. None of the physicians named in Plaintiff's Original Petition were served with the statutory notice of health care claim before suit was filed.

71. The authorizations served before filing the lawsuit were defective because they omitted healthcare providers who had treated Tutop in connection with his injuries, including the primary defendant Methodist Willowbrook Hospital.

72. Accordingly, all defendants in the underlying health care liability case moved for summary judgment. They argued that Tutop's lawsuit was filed outside the statute of limitations and that Tutop could not invoke the tolling provision of Tex. Prac. & Rem. Code § 74.051(c) because of his counsel's failure to comply with Tex. Prac. & Rem. Code §§ 74.051 and 74.052. They further argued that abatement of the proceedings to remedy the non-compliance with Tex. Prac. & Rem. Code §§ 74.051 and 74.052 was not available to Tutop because Tutop's counsel filed the original petition after the statute of limitations expired.

73. On September 26, 2016, the district court issued a final order granting summary judgment on behalf of all defendants in the underlying medical malpractice case because Tutop's suit was filed outside the applicable statute of limitations.

74. There was no appeal from this final order.

**COUNT ONE – NEGLIGENCE**

75. Tutop repeats and realleges paragraphs 1 through 77 hereof, as if fully set forth herein.

76. Tutop established an attorney-client relationship with Defendants.

77. Defendants owed Tutop a duty to not accept employment to represent or to continue in representing Tutop in a matter in which they were not competent. *See* Texas Rules of Professional Conduct, Rule 1.01(a)

78. As Tutop's attorneys, Defendants owed Tutop a duty to diligently prosecute his claims.

79. Defendants breached their duties to Tutop by failing to file Tutop's original petition within the statute of limitations or complying with Tex. Civ. Prac. & Rem. Code §§ 74.051 and 74.052 to toll the statute of limitations.

80. Specifically, Ruiz, Cowart, and Abogado Ruiz Law Firm, PLLC's failure to comply with Tex. Civ. Prac. & Rem. Code §§ 74.051 and 74.052 resulted in the dismissal of Tutop's lawsuit for medical malpractice because the statue of limitations was not tolled, and the lawsuit was therefore filed outside of the applicable limitations period.

81. Defendants' breach of their duties owed to Tutop proximately caused Tutop's damages. The failure to file Tutop's lawsuit within the applicable limitations period forever barred him from recovering on his claims.

82. These damages, excluding interests and costs, exceed $75,000.

83. Tutop invokes the rule of *Hughes* and its progeny which provides that "when an attorney commits malpractice in the prosecution or defense of a claim that results in litigation, the statute of limitations on the malpractice claim against the attorney is tolled until all appeals on the underlying claim are exhausted." *Hughes vs. Mahaney & Higgins*, 821 S.W.2d 154 (Tex. 1991); see also *Apex Towing Co. v. Tolin,* 41 S.W.3d 118 (Tex. 2001).

84. In this case, Tutop's cause of action for professional negligence against Defendants did not arise until the district court granted summary judgment against Tutop on September 26, 2016. This original complaint is therefore timely filed under Tex. Civ. Prac. & Rem. Code § 16.003(a).

## RELIEF SOUGHT

85. For these reasons, Tutop asks that the Court issue citation for Ruiz, Cowart, and Abogado Ruiz Law Firm, PLLC, and to appear and answer, and for judgment against Ruiz, Cowart, and Abogado Ruiz Law Firm, PLLC, as follows:

   a. For a judgment awarding Tutop the following actual damages that he would have been entitled to recover in the underlying lawsuit:

      i. past and future medical expenses;

      ii. past and future physical pain;

      iii. past and future physical impairment;

      iv. past and future mental anguish;

      v. past and future lost earnings; and,

      vi. loss of earning capacity.

   b. For a judgment awarding Tutop court costs;

   c. For a judgment awarding Tutop pre-judgment and post-judgment interest at the highest rate allowed by law;

   d. For all such other and further relief as may be necessary and appropriate.

Respectfully submitted,

THE OWEYSSI LAW FIRM, PLLC

By: /s/ Nick Oweyssi
Nick Oweyssi
Attorney-in-Charge
Texas Bar No. 24072875
Southern District of Texas No.156202
Jennifer O. Stogner
Texas Bar No. 24056056
Southern District of Texas No.978927
3200 Southwest Freeway, Suite 1100
Houston, Texas 77027
T: (713) 225-2222
F: (713) 766-6911
E: nick@oweyssilaw.com
E: jennifer@oweyssilaw.com

*Attorneys for Plaintiff,*
*Rocky Tutop*


OF COUNSEL:

FRIESELL WESTERLAGE, PLLC

By: /s/ John Riley Friesell
John Riley Friesell
Texas Bar No. 90001413
Southern District of Texas No. 21608
Phoenix Tower
3200 Southwest Freeway, Suite 1100
Houston, Texas 77027
Telephone: (713) 236-9177
Fax: (888) 749-3831
Email: john@friesellwesterlage.com